E-FILED
Wednesday, 03 November, 2004   10:51:51 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 04-MJ-3063 |
| ) | |
| VEIL V. DOUGLASS, ) | |
| ) | |
| Defendant. ) | |

**ORDER OF DETENTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held in this case on October 25, 2004.  The following facts require the detention of the defendant, Veil V. Douglass, pending trial.

**I. Findings of Fact**

1.  There is probable cause to believe the defendant committed the offense of illegal possession of a firearm by a convicted felon, as charged in the complaint.

2.  A preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.

3.  Clear and convincing evidence establishes that no condition or combination of conditions of release will reasonably assure the safety of the community.

## II. Reasons for Detention

Based upon the credible evidence and information submitted at the detention hearing, the Court finds:

1. Based upon the available information about the defendant's criminal history, it appears that, if convicted, he qualifies for enhanced sentencing as an armed career criminal under the provisions of 18 U.S.C. § 924(e)(1), which require a mandatory minimum sentence of 15 years and up to life imprisonment.

2. The weight of the evidence against the defendant appears to be strong.

3. The weight of the evidence combined with the very high mandatory minimum penalty give the defendant a very strong motive to flee if released.

4. The circumstances surrounding his arrest by officers the Springfield Police Department show that the defendant did, indeed flee when he was approached by law enforcement. The evidence was that when the defendant's car was approached, he attempted to flee in the vehicle. The defendant then fled on foot, and, following a foot pursuit, was apprehended following a brief struggle. During this attempt to elude capture, the defendant attempted to dispose of the evidence, specifically a firearm.

5. The defendant has a serious, substantial criminal history, including convictions for violent crimes including voluntary manslaughter, robbery and aggravated assault.

6. The instant charge involves the possession of a firearm by a convicted felon.

7. The PreTrial Services Report recommends that the defendant be detained pending trial.

8. The Court has considered all of the factors listed in 18 U.S.C. § 3142(g) and all of the evidence and information presented by the parties and in the Pretrial Services Report relating to those factors. After weighing those factors and the available evidence, the Court concludes the government's motion for detention should be allowed.

IT IS THEREFORE ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ENTER:   November 1, 2004

                            FOR THE COURT:

                                 s/ Byron G. Cudmore

                            BYRON G. CUDMORE
                            United States Magistrate Judge